## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MICHAEL W. WYNNE,
SECRETARY
UNITED STATES AIR FORCE

        Plaintiff,

-vs-

COMMEMORATIVE AIR FORCE,

        Defendant.

Case No. 3:06-cv-122

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART THE COMMEMORATIVE AIR FORCE'S MOTION TO DISMISS, STAY OR TRANSFER THIS ACTION (Doc. #3), STAYING THIS ACTION, AND ORDERING THE COMMEMORATIVE AIR FORCE TO INFORM THIS COURT OF THE DECISION BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA ON THE UNITED STATES AIR FORCE'S MOTION TO TRANSFER**

---

This dispute is between Michael W. Wynne, Secretary of the United States Air Force (the "USAF") and the Commemorative Air Force (the "CAF"). This dispute is about the right to possess an F-82-B Twin Mustang aircraft serial number 44-65162 (the "Aircraft").

Now before the Court is the CAF's Motion To Dismiss, Stay or Transfer. (Doc. #3.) This Motion is now fully briefed and ripe for decision.

### Background[1]

On April 15, 1966, the USAF donated the Aircraft to the CAF. L.P. Nolen, who was President of the CAF at the time, signed a "Certificate" whereby the CAF Museum agreed to use

---

[1] The CAF's reply memorandum refers extensively to a Declaration by Robert Rice. However, this Declaration has not been provided to this Court.

the donated Aircraft for display purposes. The Certificate also contained a provision that if at any time the Aircraft was no longer used for the purpose for which it was donated or retention of the Aircraft by the CAF was no longer desired, title to the Aircraft would revert to the USAF. Title would revert to the USAF if the USAF exercised the return option within sixty days after receipt of written notice.

The CAF wanted to fly the Aircraft which required registration as a civilian aircraft. Pursuant to a request, the USAF provided a transfer certificate to establish the CAF's title in the Aircraft so that it could be registered as a civilian aircraft.

Civilian registration was obtained and the Aircraft was flown on numerous occasions until October of 1987 when it crashed at an air show. Then, in September 2002, the CAF entered into an agreement to trade the Aircraft and the wreckage of a Lockheed P-38 aircraft to NPA Holdings, LLC in exchange for a completely restored and airworthy Lockheed P-38L aircraft.

The United States Air Force Museum learned of the trade in the January 2003 issue of the magazine "Air Classics." Major General (retired) Charles Metcalf, Director of the Air Force Museum, then informed Mr. Bob Rice, the CAF's Executive Director, that the attempted sale of the Aircraft violated the terms of the Certificate. The CAF then cancelled their agreement to trade the Aircraft.

From late in 2002 until April of 2006, the USAF, represented primarily by General Metcalf, and the CAF, represented primarily by Mr. Rice, attempted to agree on ownership, possession, and operation of the Aircraft. The discussions between these individuals did not result in an agreement.

On April 3, 2006, the CAF filed a complaint for declaratory relief and equitable estoppel in the United States District Court for the Central District of California (the "California Action"). Twenty-three days later, the USAF filed the Complaint in this case for declaratory judgment, breach of contract or conditional lease, and replevin (the "Ohio Action").

The CAF now seeks to have the Ohio Action dismissed, stayed or transferred to the Central District of California for consolidation. The USAF argues that the CAF's Motion should be denied and that proper venue lies in this Court. In the alternative, the USAF urges this Court to stay the Ohio Case until the Central District of California has had an opportunity to rule.

### The First-To-File Rule

Both parties ground their arguments on the first-to-file rule. The first-to-file rule provides that, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Associates, Inc.*, 2001 WL 897452, 16 Fed.Appx. 433, 437 (6th Cir. 2001). The first-to-file rule encourages comity among federal courts of equal rank. *Id.*

Although the first-to-file rule is generally applied, "rare or extraordinary circumstances, inequitable conduct, bad faith or forum shopping" could prevent application of the rule. *American Modern Home Insurance v. Insured Accounts Co.*, 704 F.Supp. 128, 129 (S.D.Ohio 1988). Also, "[f]or purposes of the first-to-file chronology, the date that an original complaint is filed controls." *Zide,* 16 Fed.Appx. at 437.

### Analysis

Since both parties ground their arguments on the first-to-file rule, the first question is which court applies the first-to-file rule, the court where the first complaint was filed or a court where a second or subsequent complaint was filed. The majority of courts hold that it is the first-filed court that should apply the first-to-file rule.[2] In addition to the cases cited in *AluChem*, other first-filed courts have been the court to apply the first-to-file rule.[3] However, in some cases, the second-filed court has applied the first-to-file rule.[4] Yet, in all but one case, the second-filed court either dismissed or stayed the case before it giving deference to the first-filed case.

## Conclusion

---

[2]*AluChem, Inc. v. Sherwin Alumina L.P.*, Case No. C-1-06-263, 2006 WL 1281887 at *1 (S.D.Ohio May 10, 2006)(citing *Convergys Corp. v. Manuel*, No. 1:04-CV-332, slip p. at 2 (S.D.Ohio June 24, 2004); *Daimler Chrysler Corp. v. General Motors Corp.*, 133 F.Supp.2d 1041, 1042-44 (N.D.Ohio 2001)(collecting cases)).

[3]*See Zide*, 16 Fed.Appx. at 438 (affirming first-filed district courts application of the first-to-file rule); *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957)(upheld first-filed district court decision applying first-to-file rule); *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)(the forum non conveniens argument should normally be addressed to the court in the first-filed action); *FMP Resistance Welding Supply, Inc. v. Cobasys*, LLC, Case No. C-1-05-275, 2006 WL 1209383 (S.D.Ohio May 2, 2006)(the court where the first-filed case was pending should decide which of the two actions should proceed); *Agridyne Technologies, Inc. v. W.R. Grace & Co.*, 863 F.Supp. 1522 (D.Utah 1994)(first-filed court applies first-to-file rule); *Mead Corp. v. Stuart-Hall Co., Inc.*, 679 F.Supp. 1446 (S.D.Ohio 1987)(first-filed court applied first-to-file rule to transfer case to S.D.Ohio).

[4]*See Strategic Ambulance, Inc. v. Martinez*, Case No. 1:05-CV-598, 2006 WL 462430 (S.D.Ohio Feb. 24, 2006)(second-filed court applied first-to-file rule to transfer case to first-filed court); *Emergency Dictation Services, Inc. v. CBay Systems*, *Ltd*, Case No. 05-72137, 2005 WL 2769006 (E.D.Mich. 2005)(second-filed court exercised its discretion not to apply the first-to-file rule); *Alden Corp. v. Eazypower Corp.*, 294 F.Supp.2d 233 (D.Conn. 2003)(second filed court transferred case to first-filed court); *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899 (N.D.Ohio 1999)(second filed court transferred case to first filed court); *American Modern,* 704 F.Supp. 128 (second filed court applied first to file rule and stayed the case).

In this case it appears that the parties agree that the California Action and the Ohio Action involve the same core facts and legal issues and that the first-to-file rule is applicable.[5] Also, the USAF has a motion, that has been fully briefed, pending in the California Action to transfer the California Action to this Court. Therefore, in the interest of comity and certainty, this Court will maintain a bright-line rule that the first-filed court should apply the first-to-file rule.

The CAF's Motion to dismiss, stay or transfer is OVERRULED IN PART and GRANTED IN PART. This matter, the Ohio Action, is STAYED pending a ruling in the California Action on the USAF's motion to transfer. The CAF, which is the movant in the matter now before this Court, is hereby ordered to inform this Court of the decision on the USAF's motion to transfer the California Action when that decision is rendered by the United States District Court for the Central District of California .

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Eighth day of August, 2006.

                      s/Thomas M. Rose

                      _____
                      THOMAS M. ROSE
                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[5]The USAF argues that an exception to the first-to-file rule should be applied by this Court.